1770.

ANONYMOUS.

**While a Grantee of Land is in open Pof-feffion there-of under his Deed, Nothing paffes by a fubfequent Deed by the Grantor to a third Perfon, although re-corded before the firft. Land, of which the Grantee is in open Poffef-fion under an unrecorded Deed, is not liable to At-tachment by the Creditors of the Grantor.**

## Anonymous. ( 1 )

A. SEISED in Fee of Land in Cambridge, by his Deed, in Confideration of £50, bargains and fells it to B., who enters and improves the Land as his own for feveral Years; and, while he is fo poffeffed thereof, A., for £50 more, paid by C., by another Deed, bargains and fells yᵉ Land to him, acknowledges the Deed, and it is recorded before the firft; after which the firft Deed is recorded, — whereupon thefe Queftions arife:

1. If, by yᵉ 2d Deed, yᵉ Land, or any Eftate in it paffed to C.

2. If the Land, at yᵉ Time of yᵉ making yᵉ 2d Deed, might have been lawfully taken in Execution by a Creditor of A. for Satisfaction of his Debt.

In

---

(1) The following opinion is without title, and occurs in the MS. between the memoranda at Auguft Term 1769, *ante*, p. 316, and fome unfinifhed notes of a cafe in Middlefex at October Term, 1771. In the cafe of *Fowle* v. *Richardfon*, October Term 1770, in which the reporter was counfel for the defendant, this point was raifed and decided as above. See Judge Trowbridge's reading on the provincial regiftry act, in the fupplement to 3 Maſſ. 579. We fhould have fuppofed it probable that the opinion here copied into Quincy's book was that of Judge Trowbridge in the cafe referred to, but that the facts do not correfpond: the land in *Fowle* v. *Richardfon* being fituated in Woburn, and the confideration in the deeds being alfo different. Whether thefe difcrepancies can be accounted for on the fuppofition that the opinion was written out fome time after the argument, and without the papers or record for reference, we leave the reader to judge.

In Order to determine thefe Queftions aright, it will be neceffary to confider not only y° Prov. Law 9 W. 3, 8, but how y° Law ftood when that Act was made.

The Statute of 27 H. 8, 10, commonly called y° Statute of Ufes, after reciting in y° Preamble, that "by y° common Laws of y° Realm, Lands, "Tenements and Hereditaments, be not devifable "by Teftament, nor ought to be transferred from "one to another, but by folemn Livery of Seifin, "Matter of Record, Writing fufficient made *bona* "*Fide* without Covin or Fraud," enacts "that when "any Perfon fhall be feifed of Land," &c. "to the "Ufe, Confidence or Truft of any other Perfon or "Body Politic, the Perfon, or Corporations intitled "to the Ufe in Fee Simple, Fee Tail, for Life or "Years, or otherwife, fhall from thenceforth ftand "and be feifed or poffeffed of y° Land, &c. of and "in y° like Eftates as they have in the Ufe, Truft, "or Confidence; and that the Eftate of y° Perfon "fo feifed to Ufes fhall be deemed to be in him or "them that have y° Ufe, in fuch Quality, Manner, "Form and Condition, as they had before in y° "Ufe."

At common Law, a Bargain and Sale was a real Contract, whereby y° Bargainor, for a pecuniary Confideration, bargained and fold, or rather contracted to bargain the Land to y° Bargainee, and became, by fuch Bargain, a Truftee for, or feifed to the Ufe of y° Bargainee, and the above Statute of Ufes compleated y° Purchafe; thus, as y° Bargain vefted y° Ufe, y° Statute vefted y° Poffeffion in him

y$^t$

yᵗ had yᵉ Ufe, fo foon as it arofe, and thereby yᵉ *Ceſtuy que Uſe* became compleat Owner of yᵉ Land, in Law as in Equity. 2 Bla. 338.

But, to prevent clandeſtine Conveyances of Free-holds, yᵉ Statute of 27 H. 8, 16, commonly called yᵉ Statute of Inrollment, was made, whereby it is enacted, that no Land, &c. ſhall paſs from one to another, whereby any Eſtate of Inheritance or Freehold ſhall be made or take Effect, or any Ufe thereof be made, by Reafon only of any Bargain and Sale, except it be made by Writing indented, fealed, and inrolled in one of yᵉ Courts of Weſt-minſter or in yᵉ County or Counties where yᵉ Land lies, before the *Cuſtos Rotulorum*, &c., within fix Months after the Date of yᵉ Indenture.

All Conveyances made by a Bankrupt of his Land, &c. are, by the Statute of Eliz. & James, made void, and yᵉ Commiffioners are expreſſly em-powered to fell and convey yᵉ fame by Deed in-dented and inrolled in one of yᵉ Courts of Record, although they may have been conveyed by yᵉ Bank-rupt to another; and fuch Conveyances by yᵉ Com-miffioners are made good and effectual in Law. But no Time is limited for the inrolling yᵉ Deed.

In 1641, the Maffachufetts Colony made an Act, that no Mortgage, Bargain, Sale or Grant made of any Houfes or Lands, Rents or other Here-ditaments, where yᵉ Grantor remained in Poffeffion of yᵉ Lands, ſhould be of any Force againſt any other Perfon, except yᵉ Grantor or his Heirs, unleſs yᵉ fame be acknowledged before fome Magiſtrate and

and recorded by yᵉ Clerk of yᵉ County Court where yᵉ Land lies. Old Colony Law Book, 33. (2) And in 1652 they made another Law, that no Sale or Alienation of Houfes and Land fhould be held good, except it was done by Deed, and Poffeffion delivered upon Part in yᵉ Name of yᵉ Whole, unlefs yᵉ Deed be acknowledged and recorded according to Law. *Idem*, 32. (3) No Time is limited by either of yᵉ Acts, for recording the Deed.

<span style="float:right">1770.</span>
<span style="float:right">Anonymous.</span>

By yᵉ Province Law 9 W. 3, 8, (4) it is enacted, that all Deeds or Conveyances of any Houfes or Lands, figned and fealed by yᵉ Party granting yᵉ fame having good and lawfull Right and Authority thereto, and acknowledged by yᵉ Grantor, before a Juftice of yᵉ Peace, and recorded at Length in yᵉ County where yᵉ Lands lie, fhall be valid to pafs yᵉ fame, without any other Act or Ceremony in the Law whatfoever. And, that, after three Months, no Bargain, Sale, Mortgage or other Conveyance of Houfes or Lands, made and executed in the Province, fhall be good and effectual in Law to hold fuch Houfes or Lands againft any other Perfon but yᵉ Grantor and his Heirs only, unlefs yᵉ Deed thereof be fo acknowledged and recorded; and yᵉ Act requires yᵉ Regifter to note yᵉ Time when yᵉ Deed is received by him into yᵉ Office, and yᵗ yᵉ Record fhall bear yᵉ Date; but no Time is limited for recording yᵉ Deed. This Act and the Old Colony Law alfo empowers yᵉ Grantee to compell yᵉ Grantor to acknowledge yᵉ Deed; and this Act provides that yᵉ Vendee, by filing a Copy of yᵉ Deed proved

in

---

(2) Anc. Chart. 86.     (3) Anc. Chart. 85.     (4) Anc. Chart. 303.

1770.

ANONYMOUS.

in yᵉ Regifter's Office, fhall thereby fecure his Title in yᵉ mean Time, and that it fhall be accounted fuffi- cient Caution againft purchafing yᵉ Eftate in yᵉ Deed granted, and there is a Claufe in yᵉ Old Col- ony Law of the like Import.

Upon yᵉ Whole, it is obfervable, that there is a material Difference between yᵉ Statute of Inroll- ment and yᵉ Statute of Bankrupts, as to Time of inrolling yᵉ Deed; yᵉ latter limiting no Time, but yᵉ former making it abfolutely neceffary to be done within fix Months from yᵉ Date of yᵉ Deed; elfe no Eftate paffes or Ufe arifes by yᵉ Deed. If yᵉ Indenture of Bargain and Sale be fuch as would have raifed a Ufe at common Law,* and is inrolled within yᵉ fix Months, yᵉ Inrollment has fuch a Re- lation to yᵉ Deed, as that yᵉ Land paffes from yᵉ Execution of yᵉ Deed, not by Force of yᵉ Statute of Inrollment, but by Force of yᵉ Deed, that raifes yᵉ Ufe to yᵉ Bargainee, fo foon as it is made, and the Statute of Ufes, that vefts yᵉ Poffeffion fo foon as yᵉ Ufe arifes. Hob. 136. Cro. Ja. 408, *Dim- mock's Cafe.* 2 Jones, 196, *Perry* v. *Bowers.*

Upon a Queftion, whether yᵉ Vendee of yᵉ Com- miffioners on yᵉ Statutes of Bankrupts, of Lands, by Deed indented, could maintain, by his Leffee, an Ejectment before Inrollment of yᵉ Deed, though it was inrolled after Action brought, it was *held* by yᵉ King's Bench, that he could not, becaufe yᵉ Con- veyance muft be by Deed indented and inrolled, and that it would be very inconvenient and danger- ous to admit of Relation, no Time being prefixed

for

* 2 Inft. 673.

for y^e Inrollment, which might be 7 or 20 Years or more after y^e Execution of y^e Deed.  2 Jones, 196, and 1 Vent. 360, *Perry* v. *Bowers.*

Whether y^e Makers of y^e Old Colony Law or y^e Province Law knew of thefe Determinations is not certain, but it is highly probable fome of them did, and, to avoid y^e Inconveniences that might attend a Relation, they thought it beft to prefix no Time for recording y^e Deed, and, for that Reafon, among others, did not do it : But, inftead of it, the Province Law requires the Regifter to note y^e Time when y^e Deed is received by him into y^e Office, and that y^e Record fhall have that Date; which, to be fure, is altogether vain, if the Recording is to have y^e like Relation to y^e Execution of y^e Deed, as y^e Inrollment within fix Months has; but is neceffary, where y^e Eftate is not to pafs, to every Purpofe, untill y^e Deed was recorded : and, was it not for y^e Exception in y^e reftrictive Claufe of y^e Province Law, as well as y^e Old Colony Law, of " y^e Grantor and his Heirs," there would be y^e fame * Reafon for y^e Eftate's not being adjudged to pafs here in any Cafe or to any Purpofe, untill y^e Deed is recorded, as there is for its not doing fo on Sales made by y^e Commiffioners of y^e Bankrupt Eftates.

But, although y^e Eftate doth not pafs, here, fo as to avoid all mefne Conveyances, untill y^e Deed is recorded, it doth not thence follow, that it doth not pafs before to fome particular Purpofes, and yet not to others, — as, in all fraudulent Conveyances, y^e Eftate

* *Qu.* If y^e Eftate is not in them ; and alfo, if y^e Matter of y^e Exception would not have been implyed.  See 3 Co. 82 b.

Eſtate paſſes from yᵉ Grantor to yᵉ Grantee, although yᵉ Deed be void as to Creditors: So, here, if yᵉ Deed be ſuch as would have raiſed a Uſe at Common Law, it veſts yᵉ Uſe in yᵉ Vendee upon yᵉ Execution of yᵉ Deed, and yᵉ Statute of Uſe veſts yᵉ Poſſeſſion in him that has yᵉ Uſe, ſo ſoon as it ariſes, whereby yᵉ Purchaſe is compleat as between yᵉ Parties, though not with Regard to others. This is what is meant and intended by yᵉ Deed's not being good and effectual to hold yᵉ Eſtate againſt any other Perſon, except yᵉ Grantor and his Heirs, unleſs it be recorded.

The Vendee cannot, with any Propriety, be ſaid to hold yᵉ Eſtate, until he has it; the Eſtate don't remain in yᵉ Vendor untill yᵉ Deed is recorded: The Grantor, between the Execution and recording yᵉ Deed, has no Right of Entry into yᵉ Land, nor can he recover it by Action, nor will it deſcend to his Heirs, yᵉ Deed being effectual in Law, without recording, to hold yᵉ Land againſt yᵉ Grantor or his Heirs. But, on the other Hand, if, upon yᵉ Delivery of yᵉ Deed, yᵉ Grantee enters into yᵉ Land, as he has a Right to do, he may convey it, and, if he doth not, but dies ſeiſed of yᵉ Land, it will deſcend to his Heirs, although yᵉ Deed be not recorded; which would not be the Caſe if yᵉ Eſtate never veſted in him; for he could not convey that which he had not; and very great Part of yᵉ People of yᵉ Province hold their Eſtates by ſuch Titles.

If, upon yᵉ Delivery of yᵉ Deed, yᵉ Grantee enters, holds and improves yᵉ Land as his own, while he is ſo poſſeſſed thereof yᵉ Grantor cannot, by a
fecond

second Deed, convey yᵉ Land to another; for, although yᵉ second Deed should be recorded before yᵉ first, yet neither yᵉ Land nor any Estate in it will pass to yᵉ second Bargainee, because no Use would at Common Law have arisen by such Deed. Lord Coke, in his 2 Inst. 673, says, yᵉ Statute of Inrollment is to be intended of lawfull and effectual Bargains and Sales, such as would have raised an Use at Common Law ; and doth restrain yᵉ Execution of them only that would be of Effect, if inrolled in six Months.

That Rule holds good here. The second Bargain and Sale cannot be better than it would have been, had there not been a first. And "that no Man can, by Deed, convey Land to another, which a third Person is in Possession of, claiming it as his own"* is a Maxim of yᵉ Common Law which is by no Means altered by yᵉ Province Law. That rather confirms and establishes yᵉ Rule : For it enables no other Persons to convey Land by Deed acknowledged and recorded, but such as "have good and lawfull Right and Authority so to do." And, though this Clause, when taken together with yᵉ restrictive Clauses in yᵉ Act, must be construed to extend to such Persons as have an apparent Right and Authority to convey, yet that don't destroy, but establishes yᵉ Rule of yᵉ Common Law ; since no Man has even an apparent Right to convey Land to another, that a third Person is in Possession of, claiming it as his own.

Blackstone

* 9 Inst. 266.

1770.

ANONYMOUS.

Blackſtone ſays, a Leaſe for Years gives yᵉ Leſſee a Right to enter, and when he enters, he is then, and not before, compleat Tenant for Years. — That ſuch Entry ſerves yᵉ Purpoſe of Notoriety, as well as Livery of Seiſin from yᵉ Grantor would have done. 2 Bla. 314. If ſo, ſurely yᵉ Entry of yᵉ Bargainee, having a Deed which not only gives him a Right of Entry into yᵉ Land, but veſts yᵉ Fee in him, to certain Purpoſes at leaſt, muſt alike ſerve yᵉ Purpoſe of Notoriety. The Leaſe is not inrolled, any more than yᵉ Deed is recorded, the former may be as ſecret as yᵉ latter; and yᵉ Entry and Occupancy, which is alike in both, equally ſerve yᵉ Purpoſe of Notoriety. The Occupant, in both Caſes, is *prima Facie* ſuppoſed to be the Owner of yᵉ Land, and, upon Inquiry, will be found ſo. No fair Purchaſer, in ſuch Caſes, is in Danger of being defrauded, if he uſes yᵉ Caution he ought to do. The Deſign of yᵉ Province Law, as well as yᵉ Statute of Inrollment, is to prevent fair Purchaſers being defrauded and injured.

The reſtrictive Clauſe in yᵉ Old Colony Law is expreſſly confined to Deeds made by a Grantor remaining in Poſſeſſion after yᵉ Grant, and yᵉ Deed not recorded. A ſecond Conveyance, in ſuch Caſe, ought to take Place, becauſe yᵉ Grantor then was yᵉ apparent Owner of yᵉ Land, and an honeſt, fair Purchaſer ought reaſonably ſuppoſe him to be ſo.

The firſt Deed may be deemed fraudulent upon yᵉ ſame Principles yᵗ a Bill of Sale of Goods is, where they remain in Poſſeſſion of yᵉ Vendor; but when yᵉ Deed is recorded or yᵉ Grantee enters into

Poſſeſſion

Poffeffion of yᵉ Land, and improves it as his own, every one, thereby, is fufficiently cautioned againft purchafing yᵉ Land of yᵉ former Poffeffor, and is in no Danger of being injured or defrauded, unlefs it be by an Attempt to defraud a fair *bona Fide* Purchafer.

The reftrictive Claufe in yᵉ Province, though not in yᵉ very Words of yᵉ Colony Law, is of yᵉ like Import, and eftablifhes yᵉ fame Rule ; it is defigned to prevent clandeftine Conveyances, operating to yᵉ Prejudice of *bona Fide* Purchafers ; and it will have yᵉ defired Effect, if it be fo conftrued, as that a Deed of Conveyance, not accompanied with Poffeffion, nor recorded, may not prevent Houfes and Lands or any Eftate therein paffing by fuch an after Conveyance as would have been effectual for that Purpofe, had yᵉ firft Deed never been made.    The Words of yᵉ Act will well bear fuch Conftruction, yᵉ Act, fo expounded, will ftand with yᵉ Reafon of yᵉ Common Law, and, therefore, ought to be fo expounded : — If it is, it is plain, that Land will not pafs by a fecond Bargain and Sale thereof, made while yᵉ firft Bargainee is in Poffeffion of yᵉ Land, claiming it as his own ; and, confequently, that the fecond Bargainee cannot recover or hold yᵉ Land.

Nor can yᵉ Land, in fuch Cafe, be taken in Execution by a Creditor of yᵉ Bargainor for Satisfaction of his Debts ; becaufe it is not, in Fact, his Land, nor is it apparently fo.    He has no Eftate, Right or Intereft, in or to yᵉ Land, nor Poffeffion of it, by himfelf or his Tenant.    The Bargainee is not a Tenant at Will to yᵉ Bargainor, nor doth he hold

yᵉ

yᵉ Land in Right of yᵉ Bargainor, but in his own Right; nor is he a Diffeifor; the Deed gives him a Right to enter into yᵉ Land, and hold it againft yᵉ Bargainor, and, confequently, he is not a Tenant at Will or a Diffeifor. He is a Tenant in Fee Simple; he may convey yᵉ Land to another in Fee, or devife it; if he does neither, but dies fo feifed thereof, it will defcend to his Heirs, and neither yᵉ Land nor any Right or Eftate in it will defcend to yᵉ Heirs of yᵉ Bargainor.

Nor is yᵉ Conveyance fraudulent in Faĉt, but is a *bona Fide* Purchafe, and yᵉ Land is liable to be taken in Execution for fatisfying yᵉ Bargainee's Debts. — Surely, it is not yᵉ Eftate of both, and liable to be taken in Execution for yᵉ Debts of both, at the fame Time.

If it be objeĉted, "that yᵉ Conveyance will be effeĉtual againft other Perfons befides yᵉ Grantor and his Heirs, if yᵉ Land may not be attached by his Creditors, againft yᵉ Intent as well as exprefs Words of yᵉ Aĉt," — in Anfwer thereto, it may be faid : — 1ft, That yᵉ Objeĉtion is of equal Force, upon the Suppofition that yᵉ Land may be attached as the Bargainee's Eftate, by his Creditors; for yᵉ Deed, though not recorded, fecures yᵉ Land againft yᵉ Bargainor and his Heirs, fo that yᵉ Bargainee cannot be removed by them; and, if his not recording yᵉ Deed will alfo fecure it againft yᵉ Bargainee's Creditors, then yᵉ Conveyance will not only be effeĉtual againft other Perfons befides the Grantor and his Heirs, but be a ftrong Inducement to many Purchafers not to record their Deeds, left
their

their Land fhould be taken from them by their
Creditors.

2. It is not by Force of yᵉ Deed of Conveyance only, that yᵉ firſt Grantee is enabled to hold yᵉ Land againſt yᵉ Creditors and Vendee of yᵉ Bargainor; but by that accompanied with an Entry and continued Poſſeſſion, which Blackſtone ſays is of equal Notoriety with Livery of Seifin; and that was yᵉ common Evidence of yᵉ Alteration of Property at Common Law. (5)

---

(5) Under the early regiſtration acts, it was conſtantly held that open and notorious poſſeſſion conſtituted ſuch implied notice of a conveyance as to preclude a ſubfequent vendee or creditor of the grantor from taking advantage of a negle&t to record the fame.  2 Maſs. 506.  4 Maſs. 637.  6 Maſs. 487.  10 Maſs. 60.  1 Pick. 164.  3 Pick. 149.  But fince the Rev. Sts. c. 59, § 28, actual notice only will have this effe&t, which poſſeſſion alone, however notorious, will not prove.  *Pomroy* v. *Stevens*, 11 Met. 244.  As to what degree of knowledge will amount to actual notice of a prior deed, fee *Curtis* v. *Mundy*, 3 Met. 405.